## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

_____

ERIC R. VIGIL d/b/a
ERIC R. VIGIL PHOTOGRAPHY,

       Plaintiff,

vs.                              Civ. No. 97-1107 WWD/LFG

MANZANO HIGH SCHOOL,
ALBUQUERQUE PUBLIC SCHOOLS,

       Defendants.


## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon defendants' Motion For Summary Judgment or in the Alternative, To Dismiss for Lack of Subject Matter Jurisdiction, filed January 28, 1998 [25-1].   Mr. Vigil, who is *pro se*, has not responded to the motion.

Mr. Vigil alleges that he entered into an agreement with Manzano high school to provide photography services for the school year 1996-1997.  He asserts various state law claims against defendants, including breach of contract and violation of unfair trade, and federal copyright infringement.  Defendants request dismissal of all of plaintiff's claims or alternatively, of the copyright claim.  I will address only the federal claim, as it is dispositive of the entire case in this forum.

In Count Four of his complaint, Mr. Vigil alleges that defendants willfully violated copyright law by printing portrait photographs of students in the Manzano High School yearbook. Defendants contend that this Court lacks subject matter jurisdiction over this claim because

plaintiff has not applied for copyright registration.[1]  Federal courts, being courts of limited jurisdiction, must have a statutory basis for their jurisdiction.  Morris v. City of Hobart, 39 F.3d 1105, 1110 (10th Cir. 1994).  Jurisdiction turns on whether federal law is a necessary element of one of the well-pleaded claims.  Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 808 (1988) (quoted case omitted).  In some cases, plaintiff may not be entitled to the relief he seeks for reasons completely unrelated to the "provisions and purposes" of the federal statute.  Id.

In this case, the reason why Mr. Vigil is not entitled to the relief is expressly stated within the statute governing his claim.[2]  Registration of a copyright claim is a prerequisite to vesting a federal court with subject matter jurisdiction to hear a copyright infringement action.  17 U.S.C. § 411(a); Cable News Network v. Video Monitoring Serv., 940 F.2d 1471, 1480 (11th Cir. 1991); Marshall et al v. BS&A Software, 871 F.Supp. 952, 957 (W.D.Mich. 1994).  Plaintiff does not state anywhere in the Complaint that he has applied for copyright registration.  This failure deprives this Court of subject matter jurisdiction over his only federal claim.  Cmp.Buemi v. Lewis, unpubl. op., 51 F.3d 271, 1995 WL 149107 (where plaintiff conceded failure to register work, court properly dismissed for lack of jurisdiction).  Further, plaintiff stated in his deposition that he needed to register his photographs with the copyright center in Washington D.C. in order

---

[1]  Defendants' removal of this case does not necessarily waive the right to challenge this Court's jurisdiction over the matter.  See Crumpacker v. Andrus, 516 F.Supp. 286 (N.D.Ind. 1981).  This is especially so when, as here, federal courts have exclusive jurisdiction over patent laws.  See; Bonito Boats, Inc. v. Thunder Craft Boats, Inc., 489 U.S. 141, 161-62 (1989); Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 807 (1988).

[2]  Registration of a work with the United States Copyright Office is also a prerequisite to statutory damages. 17 U.S.C. § 412.

2

to protect them from being reproduced, but conceded that he "didn't have a chance" to do so.

<u>Mem., Ex. D</u>.[3]   Accordingly, Counts Four and Six relating to plaintiff's copyright infringement claims should be dismissed.

The remainder of plaintiff's claims are grounded in state law, and are remanded to state court under 28 U.S.C. § 1447(c).[4]  Now, Therefore,

**IT IS ORDERED** that plaintiff's copyright claims, i.e., Count Four and Count Six of his Complaint, are hereby dismissed without prejudice, and the remainder of the claims are remanded to state court.


_____
UNITED STATES MAGISTRATE JUDGE

---

[3]   Because the dismissal of this claim is based on lack of jurisdiction, matters technically outside the complaint may be referenced.  <u>SK Finance SA v. La Plata County, Bd. of County Commissioners</u>, 126 F.3d 1272, 1275 (10th Cir. 1997); <u>Matthews v. United States</u>, 720 F.Supp. 1535, 1536 (D.Kan. 1989).

[4]  Lack of subject matter jurisdiction precludes a remand pursuant to 28 <u>U.S.C. § 1367(c)(3)</u>.